**Amadou BARRY, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 05–5179–ag.

United States Court of Appeals, Second Circuit.

May 15, 2006.

Theodore Vialet, New York, New York, for Petitioner.

Michael G. Heavican, United States Attorney for the District of Nebraska, Steven A. Russell, Assistant United States Attorney, Lincoln, Nebraska, for Respondent.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Amadou Barry, a citizen of Guinea, petitions for review of an order of the BIA affirming a decision of Immigration Judge ("IJ") Elizabeth Lamb rejecting his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"[W]here the BIA summarily affirms the decision of the IJ, we review the IJ's decision directly." *Xue Hong Yang v. United States DOJ*, 426 F.3d 520, 522 (2d Cir. 2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004).

Here, the IJ found Barry not credible because significant portions of Barry's asylum application were inconsistent with his testimony, notably, the reasons for and facts underlying each of the three arrests that formed the core of his persecution claim.[1] While these inconsistencies would alone satisfy the substantial evidence standard, the IJ also noted several substantial omissions in Barry's asylum application, including the fact that his mother was arrested because she was a Fulani businesswoman and died in prison, and that he was also persecuted because he was Fulani. Further, the IJ identified inconsistencies and implausibilities in Barry's account of his inability to obtain medical corroboration that he was treated after his release from prison, and of his failure to receive a court hearing in connection with is arrests. On this record, we cannot conclude that a reasonable adjudicator was compelled to find Barry credible. *See Zhou Yun Zhang v. INS*, 386 F.3d at 73.

---

1. Although the IJ appears to have erred in finding that Barry only reported two arrests on his asylum application, in light of the accurate identification of a host of other material inconsistencies, we can confidently conclude that the IJ would have reached the same adverse credibility determination even without this error. *See Xiao Ji Chen v. United States DOJ*, 434 F.3d 144, 161 (2d Cir.2006); *Cao He Lin v. United States DOJ*, 428 F.3d 391, 400 (2d Cir.2005).

Finally, Barry does not mention, or in any way challenge, the denial of his CAT claim or his application for voluntary departure in his appellate brief, and, therefore, these claims are deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 7 (2d Cir.2005) (finding that issues not sufficiently raised in one's appellate brief are waived).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of deportation in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).